UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TIMOTHY HOWARD JOHNSON,

Petitioner,

v.

SHERMAN HATCHER, et al.,

Respondents.

Case No. 3:92-cv-00372-MMD-WGC

ORDER

Petitioner Timothy Howard Johnson has filed a *pro se* motion to reopen his federal habeas case, motion for appointment of counsel, and motion to void judgment pursuant to FRCP Rule 60(b)(4) (docketed as three motions at ECF Nos. 55, 56, 57).

The docket reflects that Johnson filed his federal habeas corpus petition on June 8, 1992 (ECF No. 1; *see* ECF No. 54 at 2). The petition was adjudicated and denied on January 6, 1995 (ECF No. 45; *see* ECF No. 54 at 5). Johnson sought a certificate of probable cause (the corollary to what is now referred to as a certificate of appealability) from the Ninth Circuit Court of Appeals (ECF No. 45; *see* ECF No. 54 at 5-6). The court of appeals denied his request on September 25, 1995 (ECF No. 53; *see* ECF No. 54 at 6).

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524,

535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the merits the court should address it as it would a Rule 60(b) motion raised in any other civil case. *Id.* at 532.

It does not appear to this Court that Johnson is attacking any defect in the federal habeas proceedings. Instead, it appears that Johnson actually seeks to file a second and successive petition challenging the same judgment of conviction. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

The petitioner will be given the opportunity to file such proof as he may have to demonstrate that he does not in fact seek to pursue a second and successive petition.

It is therefore ordered that petitioner will have thirty (30) days from the date of entry of this order to show cause and file such proof he may have to demonstrate that either he does not actually seek to pursue a second and successive petition or that he has obtained leave of the Ninth Circuit Court of Appeals to pursue a second and successive petition.

///

///

///

It is further ordered that if petitioner is unable to file such proof, the Court will enter an order denying the motions.

DATED THIS 16th day of June 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE